## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) No. 13 CV 6770 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| DOE, SUBSCRIBER ASSIGNED IP | ) |
| ADDRESS 98.227.162.28, | ) |
| | ) January 24, 2014 |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

Plaintiff TCYK, LLC ("TCYK"), a developer and producer of motion pictures, filed a copyright-infringement suit against defendant Doe. TCYK alleges that Doe illegally downloaded and uploaded one of its copyrighted movies, "The Company You Keep." (R. 1, Compl. ¶¶ 9, 29, 38.) Because TCYK currently is able to identify Doe only by an Internet Protocol ("IP") address, (id. ¶ 26), it issued a subpoena to Doe's internet service provider ("ISP") to identify the individual using a specific IP address. In response, John Doe moved to quash the subpoena, or alternatively, to modify the scope of the subpoena. For the following reasons, Doe's motion is denied in part and granted in part:

## Background

TCYK, a developer and producer of motion pictures, filed suit for copyright-infringement against Doe, who is assigned to the IP address 98.227.162.28. TCYK claims that Doe violated its copyright by illegally copying and distributing one of its copyrighted movies, "The Company You Keep," on the Internet through a file-

sharing method called the BitTorrent protocol. (Id. ¶¶ 12, 29, 38.) To obtain a file to share from the BitTorrent protocol, users must first download and install a program called a BitTorrent "client" onto their computer. (Id. ¶ 12.) Users then use a "torrent site" to connect with other users and share files. (Id. ¶¶ 13, 15.)

TCYK claims that it has been able to link Doe to the alleged illegal copying and distribution. By using geolocation technology, TCYK was able to identify Doe's ISP, BitTorrent client application, and geographic location, and the torrent file Doe copied and shared. (Id. ¶ 28.) The technology, however, did not identify Doe's personal identity beyond his IP address. (Id. ¶ 26.)

In October 2013 TCYK moved for leave to take early discovery to determine Doe's identity from his ISP. (R. 8.) After the court granted TCYK's motion for early discovery, TCYK subpoenaed Comcast Cable ("Comcast"), Doe's ISP, seeking the identity of the subscribers associated with the IP address 98.227.162.28. Specifically, the subpoena seeks Doe's name, address, telephone number, email address, and Media Access Control addresses. (R. 14, Mot., Ex. A.) Once served with the subpoena, Comcast presumably investigated the IP address and alerted the subscriber of the subpoena because after TCYK issued the subpoena, Doe filed the current motion to quash. Doe argues that the subpoena must be quashed because the disclosure of his identity would cause him to be potentially liable for millions of dollars and because the declaration TCYK submitted in support of its motion for early discovery was not adequate. (Id. Mot. at 2–3.) In the alternative,

Doe asks the court to modify the subpoena to limit the information sought to include only his name and address. (Id. at 4.)

On December 3, 2013, the assigned district judge referred this motion to this court for resolution. (R. 16.) This court entered an order permitting TCYK to respond to the motion by December 30, 2013, and Doe to file a reply in support of his motion by January 13, 2014. (R. 18.) TCYK timely opposed the motion. (R. 20.) Doe did not file a reply in support of his motion.

## Analysis

The procedure governing the issuance of subpoenas is set forth in Federal Rule of Civil Procedure 45. *Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). Rule 45(d)(3)(A) provides that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pacific Century Int'l, Ltd. v. Does 1–37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). Whether to quash a subpoena is a matter within the court's discretion. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

In this case, Doe neither argues that the subpoena would require disclosure of protected matter nor that it would subject him to an undue burden. Instead, Doe first argues that he "faces grave jeopardy" based on what he describes as his potential liability for millions of dollars if TCYK succeeds in this copyright-infringement suit. (R. 14, Mot. at 2.) Regardless of whether his perception is

accurate—TCYK responds that it is not, (R. 20, Resp. at 2–3)—his potential financial liability is irrelevant to the question of whether the subpoena comports with Rule 45. Even if Doe's discussion of his perceived liability can be construed as an undue burden argument under Rule 45, he has not shown that the burden of complying with the subpoena would outweigh the benefit of the information the subpoena seeks. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). TCYK served the subpoena on Comcast, not on Doe. Because Doe is not directed to respond to the subpoena, he cannot argue that the subpoena creates an undue burden on him. *See, e.g., Sunlust Pictures, LLC v. Does 1–75*, 12 CV 1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) ("The subpoena does not impose an undue burden on Doe because he is not the party directed to respond to it."); *Hard Drive Productions, Inc. v. Does 1–48*, No. 11 CV 9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012) ("[T]he subpoenas do not burden [the anonymous defendant], because they do not require any action from [him]."); *First Time Videos, LLC v. Does 1–500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena.").

Doe also argues that the declaration TCYK relied on to seek leave of court to conduct early discovery was deficient. (R. 14, Mot. at 3–4.) In support of its motion for early discovery TCYK submitted the declaration of Darren Griffin, a software consultant who provides forensic investigation services to copyright owners. (R. 9, Pl.'s Mem., Ex. A.) Doe asserts that the list of IP addresses attached to the

declaration is illegible and that Griffin provides expert testimony without providing his qualifications. (R. 14, Mot. at 3–4.) Although Doe is correct that the text of the declaration exhibit is so small as to render it almost illegible, the numbers appear to match his assigned IP address. (R. 9, Pl.'s Mem., Griffin Ex. A; *see also* R. 13 CV 3840, R. 10-1, Griffin Ex. A.) More importantly, by granting TCYK's motion for early discovery, the assigned district judge has implicitly deemed his qualifications sufficient for him to have provided his testimony. (R. 11.) Doe has given this court no reason to second-guess that decision in the context of this particular motion.

In the alternative, Doe asks this court to modify the scope of the subpoena so that Comcast is only required to disclose his name and address but not his telephone number, email address, or Media Access Control addresses. (R. 14, Mot. at 4.) Because the purpose of TCYK's subpoena is to identity and properly serve Doe, his telephone number, email address, and Media Access Control addresses are unnecessary. *See, e.g.*, *Malibu Media, LLC v. John Does 1–21*, No. 12 CV 9656, 2013 WL 2458290, at *3 (N.D. Ill. June 6, 2013) ("[D]efendants' telephone numbers are unnecessary for plaintiff" to "identify the defendants and to properly serve them.") TCYK does not object to the proposed modification. (R. 20, Resp. at 3.) Accordingly, the motion is granted only to the extent that Doe seeks to modify the scope of the subpoena to include only Doe's name and address.

## Conclusion

For the foregoing reasons, Doe's motion to quash is granted in part and denied in part. The motion is denied to the extent that it seeks to quash the subpoena. It is granted to the extent that it seeks to limit the subpoenaed information to Doe's name and address. Comcast is permitted to disclose the names and addresses of those subscribers associated with the IP address 98.227.162.28. Comcast is not to disclose any other information.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**